**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
*(Baltimore Division)*
[Salisbury]

| | | |
|---|---|---|
| IN RE: | * | |
| SHARON RAYMOND LEICHT aka SHARON MODLIN | * | |
| | * | |
| | * | CASE NO. 09- 30044  DWK CHAPTER 7 |
| Debtor | * | |
| * * * * * * | * | * * * * * * |
| MICHAEL G. RINN , TRUSTEE | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary No._____ |
| | * | |
| HSBC BANK USA NATIONAL ASSOCIATION c/o OCWEN LOAN SERVICING INC. | * | |
| | * | |
| and | * | |
| MORTGAGE ELECTRONIC REGISTRATION, SYSTEMS, INC | * | |
| | * | |
| and | * | |
| FIDELITY MORTGAGE, A DIVISION OF DELTA FUNDING CORPORATION | * | |
| | * | |
| and | * | |
| JAMES MODLIN | * | |
| Defendants | * | |
| * * * * * * | * | * * * * * * |

## COMPLAINT TO (A) AVOID LIEN
## (B) FOR DECLARATORY JUDGMENT (C) FOR SALE

Michael G. Rinn, Trustee for the Bankruptcy Estate of SHARON RAYMOND LEICHT by his undersigned Counsel, and as his Complaint to Avoid and Recover Lien, for Declaratory Judgment, for Sale Free and Clear of Liens and Co-Owner Interests, and for Other Relief (the "Complaint") and states:

### JURISDICTION & VENUE

1.      This is a core proceeding within the meaning of Fed. R. Bankruptcy P. 7001 and 28 U.S.C. §157(b)(2).

2.      This Court has jurisdiction over this matter under 28 U.S.C. §157(a), 28 U.S.C. §1334.

3.      This is the proper forum in which to maintain this proceeding pursuant to 28 U.S.C. §1409.

### PARTIES

4.      SHARON RAYMOND LEICHT aka Sharon Modlin (the "Debtor") filed a Voluntary Petition under Chapter 7 on October 19, 2009.

5.      The Plaintiff is the duly appointed Chapter 7 Trustee for SHARON RAYMOND LEICHT ("Debtor") and the Bankruptcy Estate of SHARON RAYMOND LEICHT ("Estate".)

6.      Defendant **Fidelity Mortgage, a Division of Delta Funding Corporation** ("Defendant Fidelity")  is a financial corporation existing under the laws of the United States and is asserted to be the original holder of the Note, related to the Deed of Trust described herein and the identified lender under the Deed of Trust described herein.  Defendant, **HSBC Bank USA National Association** c/o Ocwen Loan Servicing Inc. ("Defendant HSBC"),  is asserted to be the Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust 2006-2 and a loan servicer of the Note, related to the Deed of Trust described herein. Defendant, **Mortgage Electronic Registration, Systems, Inc.** ("Defendant MERS"),  is a corporation asserted to be a beneficiary and nominee of the Deed of Trust described herein.

7.      The Defendant **JAMES MODLIN ("Defendant Modlin")** as a co-owner of the Real Property and as the ex-spouse of the Debtor, is a necessary party to this action which seeks to amend or modify interests in the Real Property, including the avoidance of liens and sale free and clear of co-owner interests.

**ALLEGATIONS OF FACT**

8.      This case was commenced by the filing of a voluntary Petition under Chapter 7 of the United States Bankruptcy Code on or about, October 19, 2009 (the "Petition Date".)

9.      The Plaintiff was appointed as the interim Trustee pursuant to 11 U.S.C. §701 and became the permanent Trustee pursuant to the operation of 11 U.S.C. §702 (d).

10.     On and prior to the Petition Date, the Debtor, together with the Defendant James Modlin owned the property and improvements known as **4885 Young Road, Waldorf Maryland 20601  (the "Real Property")** as tenants in common with an asserted value of not less than $720,000.00. The Debtor and the Defendant Modlin were divorced by a Judgment of Absolute Divorce entered in the Circuit Court for St. Mary's County, Maryland on February 19, 2009.

11.     At all times immediately subsequent to the filing of the Petition herein, a portion of the Bankruptcy Estate consisted and still consists of the Debtor 's right, title and interest in and to the Real Property which such Real Property or the value and proceeds thereof was and continues to be property of the Estate.

**COUNT ONE:**
**AVOIDANCE OF DEFECTIVE**
**DEED OF TRUST**

12.     Prior to the commencement of these proceedings, the Debtor on April 27, 2006 and the Defendant Modlin on May 2, 2006 executed and delivered to Defendant Fidelity a Deed of Trust upon the Real Property in connection with a Note, executed by the Debtor on April 27, 2006 and executed by the Defendant Modlin on May 2, 2006 (the "Note".)

13.     That said Deed of Trust was recorded among the Land Records of Charles County, Maryland on or about June 5, 2006  in Liber 5851 Folio 688, (the "Deed of Trust".)

14.     Defendant HSBC, is asserted to be the holder of the Note, related to the Deed of Trust described herein. Defendant, MERS  is asserted to be a beneficiary and nominee of the Purchase Money Deed of Trust described herein.

15.     The Defendant Modlin as a co-owner of the Real Property  is a necessary party to this action which seeks to amend and modify interests in the Real Property, including the avoidance of liens and sale free and clear of co-owner interests.

16.     The Deed of Trust to Defendants is defective and invalid as to the Plaintiff

Trustee pursuant to RP 4-106 in that it fails to contain the requisite Affidavit of Consideration in that the Deed of Trust does not contain, have endorsed on it, or have attached to it an oath or affirmation of the mortgagee or the party secured by the Deed of Trust  that the consideration recited in the mortgage is true and bona fide as set forth. A copy of the Deed of Trust, further identified as "Maryland Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS  Form 3021" is attached as **Exhibit "A"**.

17.    The specific defect alleged in the Deed of Trust is that although the provisions of Maryland Code Ann., Real Property Article, §§ 4-106 (a) [1] require that the mortgage or Deed of Trust contain,  have endorsed on it or attached to it, an oath or affirmation by the mortgagee or the  party secured by the Deed of Trust, as to the bona fides of consideration, the Deed of Trust contains no lawful and effective oath of affirmation by the Defendants Fidelty or HSBC  or by any party secured by the Money Deed of Trust nor any lawful agent of the Defendants or by any party secured by the Deed of Trust.

18    That the Deed of Trust contains, at Liber 5851 Folio 906, a  Florida notarial certificate providing as follows:

> Florida
> STATE OF ~~MARYLAND~~ COUNTY OF *Osceola*  SS::
> I HEREBY CERTIFY that on *April, 27th  2006*, before me, the subscriber, a Notary Public of the aforesaid State personally appeared  appeared Sharon Modlin ~~James Modlin~~ known to me or satisfactorily proven to be the person(s) whose names is/are subscribed to the Within Deed of Trust, and who, in my presence, signed and sealed the Deed of Trust as Grantor(s) and acknowledged that he/she they executed the same for the purpose therein contained.
> At the same time also personally appeared *JAMES O MOBLEY III*, , who made oath in due form that he is the  agent of the party secured by the foregoing Deed of Trust and is duly authorized to make this affidavit, and that  the consideration recited in this Deed of Trust is true and bona fide as set forth therein, and that the actual sum of money advanced at the closing transaction herein by the secured party  was paid over or disbursed either to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time no later than the execution and delivery by the Borrower of this Deed of Trust.

---

[1] RP 4-106 provides is pertinent part that: (a)  Affidavits of consideration and disbursement. - No mortgage or Purchase Money Deed of Trust is valid except as between the parties to it, unless there is contained in, endorsed on, or attached to it an oath or affirmation of the mortgagee or the party secured by a Purchase Money Deed of Trust that the consideration recited in the mortgage or Purchase Money Deed of Trust is true and bona fide as set forth. and

AS WITNESS, my hand and Notarial seal,
*JAMES O MOBLEY, III*
NOTARY PUBLIC
My Commission Expires *MARCH 17, 2008*

> JAMES O. MOBLEY, III
> NOTARY PUBLIC, STATE OF FLORIDA
> MY COMMISSION EXPIRES MARCH 17, 2008
> #DD301389
> Bonded through Troy Fain Insurance 800-385-7019

A copy of the Florida Affidavit
is attached as **Exhibit "B"**.

18.     The notarial certification by  "James O. Mobley III"and the Florida Affidavit attached as Exhibit "B**"** are illegal, false and in violation of the laws of the State of Florida and Maryland in that the purported affiant  "James O Mobley, III", has also, as notary,  utilized a jurat or notarial certificate of his own signature or oath. In short the asserted Affidavit of Consideration is fatally defective in that it is both made and notarized by the same person to wit: "James O Mobley, III".

19.     Further, on information and belief, the Plaintiff asserts that oath of "James O. Mobley, III", as set forth in Exhibit B, that  the consideration recited in the Deed of Trust was true and bona fide, and that the actual sum of money advanced at the closing transaction party was paid over or disbursed either to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent on or before April 27, 2006 is false.

20.  That in the absence of a valid affidavit of consideration, the Deed of Trust is void against creditors without notice. Further, in the absence of a valid affidavit of disbursement, the Purchase Money Deed of Trust is invalid either as between the parties or as to any third party.

21.     That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(1) has the status of a judgment lien creditor.

22.     That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(3) has the status of a bonafide purchaser who takes without knowledge and holds the power to avoid Defendants Deed of Trust.

23.     The Defendants failure to perfect its Deed of Trust pursuant to the provisions of the Annotated Code of Maryland Real Property Article, §4-106, et. seq. renders the Deed of

Trust upon the Real Property as void and invalid as to the Trustee.

24.    That said  Deed of Trust is void and as to the Plaintiff/ Trustee pursuant to the provisions of 11 U.S.C.§ 544.

25.    The Defendants interests in the Property are subordinate to and avoidable by the Trustee exercising his status as a creditor, the holder of a judgment lien and/or a bona fide purchaser.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT TWO:
## DECLARATORY RELIEF

26.    The Plaintiff/Trustee re-avers and incorporates by reference all of the allegations contained in Paragraphs 1 through 25 as fully set forth herein and further states:

27.    Actual controversies exists between the parties relating to the effect of the Deed of Trust documents and the parties relative interests in the Property.

28.    Therefore, the Trustee seeks a declaration that:

A.  That the Deed of Trust is avoidable by the Trustee in the exercise of the powers granted to the Trustee pursuant to 11 U.S.C. §544.

B.  The Defendants' interests in the Property are subordinate to and avoidable by the Trustee exercising his status as a creditor, the holder of a judgment lien and/or a bonafide purchaser.

C.  That the interest of the Trustee in and to the Real Property or the proceeds thereof be declared superior to the unperfected interest of Defendants.

D.  That the complete absence of an lawful affidavit of consideration and disbursement and required  acknowledgment, as required by the MD CODE ANN., REAL PROP. §4-106 (a) and (b), is not a technical defect in the mere form of the affidavit, to which the Maryland curative statue, MD. CODE ANN., REAL PROP. § 4-109, would be applicable.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT THREE:
## SALE FREE AND CLEAR OF LIENS

29.    The Plaintiff/Trustee re-avers and incorporates by reference all of the allegations contained in Paragraphs 1 through 28 as fully set forth herein and further states:

30.    By reason of the foregoing, Defendants' security interest, lien and the Deed of Trust in and to the Real Property or the proceeds thereof are void as against the Plaintiff/

Trustee.  Further the said  Deed of Trust is void as to the Plaintiff Trustee pursuant to the provisions of 11 U.S.C.§ 544.

31.    That the Debtor 's interest in the said property as of the Petition Date had a value to the Bankruptcy Estate in an amount of not less than $720,000.00.

32.    That said property or equity in said property in the sum of not less than $720,000.00  constitutes property of the Estate, which the Plaintiff/Trustee may use, sell, lease or otherwise dispose of in accordance with the provisions of the United States Bankruptcy Code.

33.    11 U.S.C. § 542 provides:
Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
        11 U.S.C. § 542(a)

34.    11 U.S.C. § 363 provides:
(b) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-- (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
11 U.S.C. § 363(b) and (f).

35.    Applicable nonbankruptcy law permits sale of the Property free and clear of the Defendants's interests.

36.    The interest of the Defendants in the Property is an avoidable lien.  Thus, the price at which the Property will be sold is greater than the aggregate value of the liens on the Property.

The interests of the Defendants in the Property are in bonafide dispute.

37.    The Defendants could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their interests.

### COUNT FOUR
### SALE FREE AND CLEAR OF CO-OWNER INTERESTS

38.    The Plaintiff/Trustee re-avers and incorporates by reference all of the allegations contained in Paragraphs 1 through 35 as fully set forth herein and further states:

39.    Your Plaintiff avers and alleges that:

    (a.)    partition in kind of the Real Property between the estate and the alleged co-owner is impracticable;

    (b.)    that sale of the estate's undivided interest in such Real Property would realize significantly less for the estate than sale of such property free of the interest of the alleged co-owner;

    (c.)    that the benefit to the estate of a sale of such property free of the interest of the Defendants, as co-owner outweighs the detriment, if any, to such co-owner and,

    (d)    such property is not used in the production, transmission or distribution for sale of electrical, energy or natural or synthetic gas for heat, light or power.

40.    Your undersigned Trustee further proposes and intends, pursuant to 11 U.S.C § 363 (h) subject to further specific, subsequent Notice, pursuant to BR 2002 (a) (2), to offer the said property for sale free and clear of the interest of the Defendant Modlin as joint owner, and the assignees or transferees of the interest of the Defendant Modlin , subject to the right of the Defendant Modlin, pursuant to 11 U.S.C.§363(i), to purchase such property, prior to consummation of the settlement authorized hereunder, at the price at which such sale is to be consummated;

WHEREFORE, the Trustee respectfully requests that the Court make such findings and enter such judgments as are appropriate, including, without limitation, alternatively or cumulatively, the following:

A.    Adjudging and declaring that the Defendants do not have valid security interests in the Real Property known as 4885 Young Road, Waldorf Maryland 20601 as to the rights of the Plaintiff Trustee;

B. Adjudging and Declaring that the claims of Defendants are unsecured, joint claims as to the Bankruptcy Estate;

C. Avoiding the Deed of Trust and the lien granted in the Deed of Trust in and against the Real Property pursuant to 11 U.S.C. § 544;

D. Enter judgment in favor of the Trustee and against the Defendants;

E. Subject to further specific notice, authorizing sale of the Real Property free and clear of the claims of Defendants', liens claims and interests;

F. Subject to further specific notice, authorizing sale of the Real Property and improvements of Debtor's estate free and clear of the interest of any co-owners of the property specifically included but not limited to the Defendant Modlin in accordance with the provisions of 11 U.S.C. §363(h.)(i)(j), and for such other and further relief as the nature of these proceedings may require.

Respectfully submitted

Date: December 14, 2009       /s/   *Michael G. Rinn*
                Michael G. Rinn, Esquire
                Federal Bar No. 01310
                111 Warren Road, Suite 4
                Cockeysville, Maryland  21030
                (410) 683-1040
                rinnoffice@rinn-law.com