IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)
[Salisbury]

| | | |
|---|---|---|
| IN RE: | * | |
| SHARON RAYMOND LEICHT<br>aka SHARON MODLIN | * | CASE NO.: 09-30044 DWK<br>CHAPTER 7 |
| | * | |
| Debtor | | |
| * * * * * * | * * * * * * | |
| MICHAEL G. RINN | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary No.: 09-00847 DWK |
| | * | |
| HSBC BANK USA NATIONAL<br>ASSOCIATION<br>c/o OCWEN LOAN SERVICING, INC.,<br>et al. | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * *

## AMENDED CONSENT MOTION FOR APPROVAL OF
## COMPROMISE OF CONTROVERSY AND SETTLEMENT

Michael G. Rinn, Chapter 7 Trustee, ("Trustee") with the consent of the Defendants appearing, as reflected by the signature of their counsel moves, pursuant to Bankruptcy Rule 9019, for approval of a settlement and compromise of controversy embodied in the Consent Order attached hereto and in support thereof state:

### Background

1.  On or about October 19, 2009 the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Court" or the "Bankruptcy Court").

2.  Michael G. Rinn was duly appointed as the Chapter 7 Trustee for the bankruptcy

estate of Sharon Raymond Leicht (the "Estate") and continues to serve in that capacity.

3. On December 14, 2009 the Trustee filed the Complaint commencing this Adversary Proceeding alleging that the 1st deed of trust (the "Deed of Trust") encumbering the Property known as 488 Young Road, Waldorf, Maryland 20601 (the "Real Property") was deficient and avoidable under Md. Real Property §4-106.

4. The named Defendants were HSBC Bank USA National Association c/o OCWEN Loan Servicing Inc., et al. ("HSBC" or "Lender") as the holder of the 1st Deed of Trust and Deed of Trust Note.

5. The claims raised in the Adversary Proceeding are hereinafter collectively referred to as the "4-106 Claims."

6. The Lender has denied the Trustee's allegations and asserts that the Deed of Trust was fully effective and non-avoidable. Furthermore, because the Lender's claims constitute the vast majority of the total debt in this case, even if its lien were ineffective or avoided, it would receive the lien's share of the proceeds in a distribution under §726.

## The Proposed Compromise and Settlement

7. After negotiations, the parties who have appeared, have agreed upon the terms of the settlement embodied herein which settles and resolves all claims asserted by the Trustee against Lender and its predecessors or successors in interest and all other parties.

8. The terms of the settlement are as follows:

 a. Upon entry of the Consent Order attached hereto, Lender shall pay to the Trustee the sum of $10,000.00.

 b. The entry of the Consent Order will fully resolve any and all 4-106 Claims and Trustee's claims as to the Real Property.

 c. The Lender's lien upon the Property under the Deed of Trust are deemed to be valid, perfected, fully cured to the extent provided by Maryland Real Property Article §4-109, and otherwise unavoidable without the necessity for any further execution, filing or recordation of any documents.

 d. Lender may, at its sole election and discretion, record this Order among the land records of Charles County and, if so electing, this Order shall be indexed under the names of Sharon Raymond Leicht, a/k/a Sharon Modlin

    and James Modlin.

  e. Upon the Trustee's receipt of the $10,000.00 required to be paid as set forth in Paragraph (a) , the Trustee and the Debtor's Estate will release and forever waive and relinquish all claims, demands, obligations, liabilities and causes of action of whatever kind or nature, known or unknown, which they have, may have, or might assert now or in the future against the Lender and its present or former employees, representatives, attorneys, agents, heirs, predecessors, successors or assigns (including their co-defendants herein) arising out of, based upon or in any manner related to the Deed of Trust and the lien and loan documents related thereto.

  f. Lender will release and forever waive and relinquish all claims, demands, obligations, liabilities and causes of action of whatever kind or nature, known or unknown, which they have, may have, or might asset now or in the future against the Trustee and the Debtor's Estate, arising out of, based upon or in any manner related to the Deed of Trust and the loan documents related thereto, except as may arise under the lien rights as provided in Paragraph (c) above.

**The Proposed Compromise and Settlement
is in the Best Interests of the Estate, Creditors and Parties in Interest**

9. The Trustee believes that the settlement is in the best interest of the estate because it eliminates the costs and risks associated with litigation.  Additionally, the settlement will result in the sum of $10,000.00 being paid to the estate which will be available for distribution.

**Notice**

10. In accordance with Bankruptcy Rule 2002, the twenty-one day notice of the proposed settlement required pursuant to B. R. 2002(a)(3) has been served on June 24, 2010.

WHEREFORE, for the foregoing reasons, Michael G. Rinn Trustee, respectfully requests the

following relief:

    A.    That an Order be entered granting this Motion;

    B.    That the Compromise of Controversy and Settlement as set forth herein be approved;

    C.    That the Trustee be authorized to take any and all actions and execute any and all documents necessary and appropriate to effectuate and consummate the terms of the Compromise and Settlement, including without limitation, the execution ad delivery of such releases as may be requisite.

    D.    That the Trustee be granted such other and further relief as the nature of the proceedings may require.

Dated: June 25, 2010

CONSENTED TO:

| /s/ Craig M. Palik | /s/ *Michael G. Rinn* |
|---|---|
| Craig M. Palik ( Fed. Bar No. 15254) | Michael G. Rinn, Esquire( 01310) |
| McNamee Hosea Jernigan Kim | Federal Bar No. 01310 |
| Greenan & Walker, P.A. | 111 Warren Road, Suite 4 |
| Capital Office Park | Cockeysville, Maryland  21030 |
| 6411 Ivy Lane, Suite 200 | (410) 683-1040 |
| Greenbelt, Maryland 20770 | rinnoffice@rinn-law.com |
| cpalik@mhlawyers.com | Counsel To Trustee |
| Attorney for Defendant HSBC Bank USA National  Association  C/o Ocwen Loan Servicing Inc. | |

**CERTIFICATION OF  CONSENT**

    I HEREBY CERTIFY that the terms of the copy of this consent order/stipulation submitted to the Court are identical to those set forth in the original consent order/stipulation; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order/stipulation.

    /s/   *Michael G. Rinn*
    Michael G. Rinn, Esquire

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th  day of June, 2010, a copy of the foregoing copy of the foregoing Consent Motion for Approval of Settlement and Compromise of Controversy, Notice of Motion and proposed Order was served electronically to those parties on the Court's CM/ ECF service list and was mailed first class mail, postage pre-paid to:

Craig M. Palik, Esquire
McNamee Hosea Jernigan Kim
Greenan & Walker, P.A.
Capital Office Park
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Augustus T. Curtis, Esquire
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue, Suite 1103
Bethesda, Maryland 20814

Sharon Raymond Leicht
300 17th Street, Unit 102
Ocean City, Maryland 21842

Office of the United States Trustee
Garmatz Federal Courthouse
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

                                          */s/ Michael G. Rinn*
                                          Michael G. Rinn, Esquire: